APPEAL TO
THE CIR. C.
Case 57.

## Semple vs. Morrison.

Appeal from the Jefferson Circuit; HENRY PIRTLE, Judge.

*Appeals in the circuit courts. Set off. Infants. Void and Voidable. Assignments.*

June 6.

Warrant by
Morrison vs.
Semple.

Judge OWSLEY, delivered the Opinion of the Court.

MORRISON sued out, from a justice of the peace of Jefferson county, a warrant against Semple, on the following assigned note:

"Due Richard Taylor, Jun. twenty-five dollars, ninety-four cents, specie, for surveying two thousand acres of land below Tennessee river, for the heirs of John W. Semple, dec'd, June 24th, 1826.
*J. Semple.*"

I assign the within note to Moses Morrison, for value received. *Richard Taylor, jun.*

Set off relied
on in defence.

The warrant was defended by Semple, and the following endorsed note set up and relied on by way of set off:—

"For value rec'd, I promise and oblige myself, my heirs, &c. to pay, or cause to be paid, unto Richard Taylor, Sen. his heirs or assigns, the just and

full sum of two hundred and twenty-five dollars, current money of Kentucky, on or before the fifteenth day of May, 1821; as witness my hand this fisrt day of Dec. 1820.   *Richard Taylor, jun.*"

"The above note I give to my grand-daughter, Matilda Fontaine, as witness my hand, this 7th of Dec. 1824.   *Richard Taylor, Sen.*"

"For value rec'd, I assign the within note to James Semple.   *For Matilda Fontaine;*
                              *John Nelson.*"

The justice gave judgment, on the trial of the warrant, against Morrison's right to recover; but Semple not being satisfied with the judgment, and entertaining the opinion that it should have went further, and awarded to him the residue of the note, set up by way of offset, appealed to the circuit court.

Being informed by Semple, that the contest was settled, the circuit court made an order dismissing the appeal; but at a subsequent day of the same term, the order of dismission was set aside on the motion of Morrison.

The first question is, as to the propriety of the court setting aside the order of dismission

The setting aside the dismission was opposed by Semple, and it is now contended by him, that he had a right to dismiss his own appeal, and that after it was dismissed, the court possessed no power in opposition to his wishes to reinstate it.

This court, however, entertains a different opinion. By the act regulating appeals from the judgments of justices to the circuit court, they are to be tried upon the merits, as though no trial had been previously had thereon; and notwithstanding the appeal was prayed by Semple, we apprehend he was not at liberty to defeat a trial on the merits by dismissing the appeal, or, by opposing a reinstatement of the appeal, after it was improperly dismissed, prevent an investigation of the merits, and thereby defeat Morrison in the recovery of whatever he might, on a fair trial of the merits, prove him-

SEMPLE
vs.
MORRISON.

Judgment of the justice against Morrison, and appeal by Semple.

Appeal dismissed on Semple's motion, and reinstated on Morrison's.

Appellant in the circuit court, who was defendant before the justice, cannot dismiss the appeal at his pleasure, but the appellee may have a trial on the merits.

self to be entitled to. Whether the appeal be prayed by the plaintiff or defendant in the warrant, it is to be tried in the circuit court on the merits, and on such trial the judgment should be either for the plaintiff or defendant, as the merits turn out to be, regardless of the decision of the justice. The merits may be as fairly reached, and justice as fully attained, on the trial of an appeal taken by the defendant in the warrant, as if prayed by the plaintiff; and to require of the plaintiff, if dissatisfied with the judgment, to pray an appeal after one is taken by the defendant, would, without conducing to any useful or beneficial result, only tend to the multiplication of suits, and the accumulation of unnecessary cost to the parties.

It was not, therefore, incorrect in the circuit court, after being informed that the contest was not settled, to set aside the order which it had been induced to make, dismissing the appeal, under the erroneous impression that a settlement had taken place.

Set off relied on.

A jury was empannelled and sworn in the circuit court to try the cause, and a verdict of twenty-six dollars and forty five cents was found for Morrison, and judgment thereon rendered in his favor by the court.

The next question involves the correctness of opinions given by the circuit court, on points made in the progress of the trial.

Semple, as he had done at the trial before the justice, relied upon the note given by Richard Taylor, jun. to Richard Taylor, sen. and to which we have already referred, by way of set off against the demand of Morrison; and for the purpose of shewing, that whilst Richard Taylor, jun. held the note afterwards assigned by him to Morrison, and upon which the warrant was issued, he was indebted to Semple a much larger amount, and for the purpose of shewing Semple's right to a discount, the note of Richard Taylor, jun. to Richard Taylor, sen. together with the several assignments thereon, was read in evidence by Semple to the jury; and, after other evidence, going to prove that Matilda Fon-

taine was an infant at the date of the assignment of the note to Semple, was decided to be competent by the court, the fact of her infancy at that time was admitted by Semple. It was also admitted by Morrison, that although the assignment was made to Semple by Nelson, as the agent of Matilda Fontaine, it was done in her presence, and by her direction and consent.

Upon these admissions, and on this evidence, the court instructed the jury to disregard the assignment of the note to Semple.

The question is, was the court correct, either in deciding the evidence to be competent which went to prove the infancy of Matilda Fontaine, or in instructing the jury to disregard the assignment to Semple?

The answer to each branch of this question must, we apprehend, be in the affirmative. It would have been otherwise if the assignment had been made by Matilda in proper person, and not by Nelson, who acted as agent for her. If the assignment had been by her own hand, it might, no doubt, as she was in the minority, be avoided by her; but it would not be actually void, and none other except her, and those in privity of her, could lay hold of her minority to avoid it.

But the assignment purports to have been made by Nelson for Matilda, and the doctrine is well settled, both in this country and in England, that an infant is incapable of making a warrant of attorney, and acts done by the authority of such a warrant are not only voidable, but absolutely and entirely void. Bingham on infancy, 19; Perkins 13. It is true, the assignment to Semple appears not to have been made under any written warrant of attorney; but if, as the doctrine of the law seems to be, acts done under warrants of attorney are void because infants are disabled from appointing an attorney, the result must be the same, whether the attorney be appointed by warrant of attorney, strictly so called, or by parol.

But it appears that Matilda was present at the as-

*Margin notes:*

SEMPLE vs. MORRISON.

An assignment of a promissory note by the infant obligor, is not void, but voidable by him and his privies only, and not objectionable by obligor.

Otherwise of an assignment by the infant's attorney in fact; for an infant cannot make any attorney, by either deed or parol.

SEMPLE'
vs.
MORRISON.

The immediate presence and concurrence of the infant in the act of his attorney in executing a writing *as attorney*, does not help the case: it is void.

signment, and that it was made by her directions and consent. It was, however, not made by her own hand, but by another for her, and it must be either valid or invalid, according to the rules of law applicable to assignments, which purports, as it does, to have been made by an attorney for her, and not by her personally.

The result is, that the assignment, in judgment of law, is void, if, at the time it was made, Matilda Fontaine was an infant; so that the court cannot have been incorrect, either in deciding competent evidence going to prove her infancy, or in instructing the jury to disregard the void assignment.

The judgment is affirmed with costs.

*Semple* for appellant; *Loughborough* for appellee.

---

COVENANT.

Case 58.

June 9.

Declaration.

Issue on the demand.

Evidence.